Good morning. I may have to use the court. My name is Alexandra Smith. I'm an assistant United States Attorney in the Houston District of New York, and I represent the United States. Do I understand that both sides here agree that we should just defer ruling until after various other proceedings are completed? It's the unusual situation where the risk of force clause argument is going to be foreclosed or not by Hill, and then there's a pending case, the Barrett case, on the force clause piece of this. Maybe your adversary just figured there's no point showing up. I'm not sure. But, you know, both cases, Hill is being held. There's a petition for an en banc hearing that has not yet been resolved. It's my understanding that it may be being held because the DiMaio case in the Supreme Court is going to be for this term. Isn't that ultimately the issue with DiMaio? Well, I mean, arguably it is. I mean, obviously the language in the risk of force clause for 924C is identical to the language under 18 U.S.C. 16. Was there ever a motion to hold this in abeyance? There wasn't. I don't think there was a separate motion to hold it in abeyance, but certainly the appellant's brief itself asked for it to be held in abeyance if the court wasn't going to decide the decision and the government was agreeing to it. Any questions? And so, I mean, other than – unless, you know, Your Honors have any questions. Just in terms of procedurally, the defendant was sentenced on count one and three to 70 months, and those two convictions are not being challenged. And so just kind of calculating the length of the sentence, you know, even if given good time, the defendant was arrested in November of 2014, and so would be in prison until November of 2019. So there's also no particular reason to accelerate this case or consider it before a barrack, for example, that's pending. And obviously, Hill, which was raised in the other argument. So unless the court has any questions. I just have a question. This was raised in a reply brief, this Elder case that we had from 1996 about Hobbs Act conspiracy, but it was based on a different statute from 924C. Remember the Bailey case came from the Supreme Court and changed our view of that, and then this statute was itself changed, and it included for the possession element, because only possession is charged here in the third count of conviction. Right? Well, it's actually used carrier defense. So I know that she – Yeah, but not the enhanced. Not the enhanced. Brandishing or discharging it. Right. So let me just ask you my particular question. So as a result of Bailey, Congress, for the possession aspect of this, put new language in the statute that says, In furtherance of any such crime possesses a firearm. Because in the two Bailey cases, for example, I think there was a gun in the trunk of the car, and then there was a gun in another part of the apartment. So there's no connection that was established between the gun and the offense. So they raised this Elder cases as – in their reply brief about this. But as you know, the statute was changed to include this in furtherance language. Did you want to respond to that at all? No. I think the – about Elder, Elder – there was actually a prior Second Circuit case, the Patino case, that predated Bailey. And Patino held that when a conspiracy exists to commit a crime of violence, the conspiracy itself poses a substantial risk of violence sufficient to satisfy the risk of forced cause. And the Elder court was really looking to see whether Bailey, when it was describing what it meant to use or carry a firearm, had somehow kind of raised that standard. And it found that it had not. And so even though, you know, Elder postdated Bailey and then the statute was changed to include this kind of idea of possession, like having almost like some place in your gun in a particular place that could be available, that idea, I actually think that the Elder case is really just confirming Patino, which predated Bailey. So I don't – So I guess my question is, now that we have the statute changed to show in furtherance of, so now you have to show a connection between the violent felony or the drug crime. It was, you know, the gun was stored with the drugs under the bed, that kind of thing. Does that inform the Hobbs Act conspiracy aspect of this? Because the arguments made – even if the Hobbs Act is a crime of violence, conspiracy is once removed, so there's no need to establish the violence aspect of it. But does this section of the statute have any relevance to that, in your view, the new language of in furtherance of the crime? Because he pled to that count, too, and he pled to that element of the count. I don't think that it does, again, because I think that the Elder case was really looking to see whether the underlying Hobbs Act conspiracy constituted a crime of violence, not whether the 924C in it was also satisfied that those elements had been satisfied. So I think that they're separate, but the whole thing in Elder about whether a Hobbs Act conspiracy is a crime of violence is separate from whether, in that case, the 924C had been satisfied under the family statute standard, whether or not the gun had, in fact, been used. Okay, thank you. So, Your Honor, I have nothing further. Thank you. Thank you.